UNITED STATES of America

v.

Venus E. SKINNER, a.k.a. Venus S. Anderson.

Crim. No. 90–350–01 (CRR).

United States District Court, District of Columbia.

Aug. 4, 1992.

Jay Stephens, U.S. Atty., John M. Facciola, Asst. U.S. Atty., District of Columbia, Washington, D.C., for the U.S.

R. Kenneth Mundy of R. Kenneth Mundy and Associates, Washington, D.C., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court is the defendant's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. The defendant bases her claim for relief on ineffective assistance of counsel at trial. The Court has carefully considered the submissions of the parties, the arguments of counsel, the applicable law, and the entire record herein, and concludes that the defendant's motion must be denied.[1]

### I. Background

The defendant was charged in a two-count indictment with distribution of cocaine base and possession with intent to distribute five grams or more of cocaine base. A jury trial was held before this Court on October 1–2, 1990. The defendant was convicted of both counts and was sentenced on January 3, 1991.

---

1. The Court heard oral arguments on this motion on July 31, 1992. At that time, the parties agreed that no evidentiary hearing was necessary to resolve this matter.

The evidence at trial showed that on March 16, 1990, Officer Mary Lanauze of the Metropolitan Police Department was working undercover in the vicinity of 5610 First Street in Northwest Washington, DC. She purchased drugs from a woman she identified as the defendant inside the house at 5610 First Street. She then left the house and called an arrest team. Transcript of trial, volume one at 90–95 ("Tr. 1; 90–95"). According to Officer Anthony Washington, a member of the arrest team, the team went to defendant's house where Officer Washington saw the defendant run into the house and slam the front door. Tr. 1; 115. The evidence recovered from the house included drugs, a razor blade, plastic bags and shotgun shells from the basement. Tr. 1; 117–18. In the upstairs right back bedroom, eighteen plastic ziploc bags containing white rock narcotics were seized, as well as personal mail and one seven gram white rock of narcotics was recovered. Tr. 1; 118. Seven hundred dollars in cash were taken from the defendant's person. Tr. 1; 119. The defendant was positively identified by Officer Lanauze as the person who had sold her drugs. Tr. 1; 97–98.

At the outset of trial, before jury selection, defense trial counsel announced that he had subpoenaed the defendant's son, John Skinner, III, to testify. Trial counsel for the defendant indicated that he thought the son might have a Fifth Amendment privilege and asked the Court to appoint counsel for him. Tr. 1; 3. The Court did so, and the appointed counsel moved to quash the subpoena on Fifth Amendment grounds. Tr. 1; 61. The Court conducted a hearing outside the presence of the jury regarding the assertion of the privilege. Tr. 1; 165–71. The son invoked his privilege in response to questions regarding which room in the house was his bedroom. The Court found the assertion of Fifth Amendment privilege proper and quashed the subpoena. Tr. 1; 171.

Defense counsel then moved for permission for his investigator to testify that the defendant's son had told the investigator that the upstairs right bedroom was his bedroom, the drugs seized in the upstairs right bedroom belonged to him, and his mother knew nothing about those drugs. Tr. 1; 172. Defense counsel asserted that these statements were admissible as statements against penal interest excepted from the hearsay rule. Tr. 1; 173; *see* Fed. R.Evid. 804(b)(3). The Court reserved ruling on the issue, and recessed for the day. Tr. 1; 181.

The next day, when the defense put on its case, defense trial counsel elected not to call the investigator. Tr. 2; 34–35. The Court confirmed with defense counsel that the decision not to call the investigator was voluntary and not based on any instruction or ruling from the Court. Tr. 2; 43.

The defendant testified on her own behalf. She stated that the drugs were found in her son's bedroom and that she knew nothing about them. Tr. 2; 46. She denied selling drugs to Officer Lanauze. Tr. 2; 249–51. The defendant stated that she had the $700 cash on hand in order to pay a home contractor. Tr. 2; 49. She explained that the reason that she ran into the house when the police came was because she thought there was going to be some shooting between the police and some young men. Tr. 2; 47.

The jury convicted the defendant on both counts on October 2, 1990.

## II. Analysis

■ Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), there is a two-part test for determining whether there is a claim for ineffective assistance of counsel: (1) counsel's performance must be deficient, to the extent that he or she made errors so serious that counsel was not functioning as the "counsel" guaranteed under the 6th Amendment; (2) the deficient performance must have prejudiced the defense, such that it deprived the defendant of a fair trial, whose result is reliable. *Id.* at 687, 104 S.Ct. at 2064. The "ultimate focus" of the entire inquiry is the "fundamental fairness" of the trial, and whether there has been a breakdown of the adversarial process that renders the result unreliable.

*Id.* at 696, 104 S.Ct. at 2069. If the defendant makes an insufficient showing on one part of the test, the court should deny the ineffective assistance claim without reaching the other part of the test. *Id.* at 697, 104 S.Ct. at 2069–70.

■■■ To determine if counsel's performance was constitutionally deficient, the inquiry is whether counsel's assistance was reasonable considering all the circumstances. Conduct should be evaluated from counsel's perspective at the time and on the facts of the particular case. *Id.* at 689, 104 S.Ct. at 2065–66. A court must indulge a "strong presumption" that the conduct falls "within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065. Strategic decisions "made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690–91, 104 S.Ct. at 2066. However, strategic choices after incomplete investigation are only reasonable to the extent reasonable professional judgment supports the limits on the investigation. *Id.*

■■■ To determine whether counsel's actions prejudiced the defense, the inquiry is whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id.* at 694, 104 S.Ct. at 2068.

The Federal Rules of Evidence exempt from the hearsay rule:

A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. *A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly in-*

*dicate the trustworthiness of the statement.*

Fed.R.Evid. 804(b)(3) (emphasis added).

The defense contends that the statement the defendant's son allegedly made to the investigator falls within this hearsay exception. By stating that the drugs belonged to him, defendant argues, the declarant exposed himself to criminal liability. Moreover, the declarant's statement was corroborated by the defendant's testimony. The failure to offer this testimony, defendant argues, was unreasonably deficient and prejudicial.

■■■ The defendant's argument lacks merit because the testimony regarding the son's alleged statement was not admissible. The evidence would have been offered to exculpate the accused and would therefore be admissible under Fed.R.Evid. 804(b)(3) only if there were corroborating circumstances clearly indicating the statement's trustworthiness. In this instance, the only corroborating evidence is the defendant's self-serving testimony which was not credited by the jury. Moreover, other factors raise serious questions about the statement's reliability. Most importantly, the statement exculpates the declarant's own mother. The declarant could easily have been motivated to claim responsibility for the drugs in order to protect his mother, whether or not the drugs in fact belonged to him. Several courts have found declarants' statements exculpating a relative or close friend unreliable. *See, e.g., United States v. Porter,* 881 F.2d 878, 882–83 (10th Cir.), *cert. denied,* 493 U.S. 944, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989) (trial court correctly excluded statement exculpating declarant's brother); *United States v. Noel,* 938 F.2d 685, 688–89 (6th Cir.1991); *United States v. Silverstein,* 732 F.2d 1338, 1346 (7th Cir.1984); *United States v. Tovar,* 687 F.2d 1210, 1213 (8th Cir.1982). In addition, the statement was made in contemplation of litigation to a paid investigator working for defendant's attorney. *Cf. AM-PAT/Midwest, Inc. v. Illinois Tool Works Inc.,* 896 F.2d 1035, 1044–45 (7th Cir.1990) (documents prepared for use in litigation

are " 'dripping with motivations to misrepresent' ") (citation omitted).

■ Moreover, statements are admissible under Rule 804(b)(3) only where the statement subjects a person to liability to such an extent that the statement would not be made by the person unless it were true. Here, it is unclear that the declarant even understood that by speaking to his mother's agent, namely her attorney's investigator, he could subject himself to liability at all. The declarant could have believed that the discussion was privileged in some way, in light of the investigator's connection to his mother's attorney. The declarant did not have counsel present at the interview and there were no police or other government representatives present who would be likely to make him cautious.[2]

■ Even if, *arguendo*, the testimony were admissible and trial counsel erred by failing to offer it, the defendant has failed to show that the omission was prejudicial. The overwhelming weight of the evidence at trial supported conviction, including the testimony of two police officers, one of whom was the undercover officer who stated that she purchased drugs directly from the defendant. Moreover, drugs were found in the house in locations other than the room that the defendant claims was her son's. It is unlikely that the investigator's testimony would have made any difference in the outcome given the strength of the case against the defendant. Further, for the reasons that this Court finds this testimony unreliable, *see* discussion *supra* at 34–35, a jury would have been likely to find the testimony unbelievable. There is no "reasonable probability" that the outcome would have been different if the testimony had been offered. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

2. The Government suggests that the declarant's statement was also inadmissible because the statement was improperly obtained. Although the defendant's son was represented by counsel at that time, he did not have his counsel present when the investigator spoke with him, as he should have under the applicable ethical rules.

## III. Conclusion

Accordingly, for all of the reasons previously stated, this Court shall deny the defendant's Motion to Vacate Sentence and dismiss this case. The testimony that the defendant now contends should have been offered by her trial counsel was inadmissible hearsay. Moreover, even if the testimony had been offered and admitted, the outcome of the trial would likely have been the same, given the strength of the case against the defendant.

The Court shall issue an appropriate Order in accordance with this Memorandum Opinion on this date.

## ORDER

In accordance with the Court's Memorandum Opinion, filed on this date, and for the reasons stated therein, it is, by the Court, this 4th day of August, 1992,

ORDERED that the defendant's Motion to Vacate Sentence shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED from the dockets of this Court.

*See United States v. Hammad*, 858 F.2d 834, 841–42 (2nd Cir.1988), *cert. denied,* — U.S. ——, 111 S.Ct. 192, 112 L.Ed.2d 154 (1990). Because the Court finds the statement inadmissible on hearsay grounds, it need not reach this issue.